# EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

R.F.
Through her Mother and Father as Next Friends
Dean and Jacqueline Fadel
1768 Chateaugay Way
Blacklick, Ohio 43004

and

Dean Fadel
1768 Chateaugay Way
Blacklick, Ohio 43004

and

Jacqueline Fadel
1768 Chateaugay Way
Blacklick, Ohio 43004

      Plaintiffs

                                        Case No.

v.

                                        Judge

Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

And

Jennifer Ciccarelli
Head of School at Columbus School for Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

      In her official and individual capacity
And

**COMPLAINT
[JURY DEMAND
ENDORSED HEREON]**

Pamela Hartshorne
Director of Middle School
65 S. Drexel Avenue
Bexley, Ohio 43209

          In her official and individual capacity

And

Columbus School For Girls
Board of Trustees
65 S. Drexel Avenue
Bexley, Ohio 43209

And

Michael Glimcher, Board Chair
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209
          In his official and individual capacity

And

Lisa Young, Treasurer and Finance Chair
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

          In her official and individual capacity

And

Steve Falk, Secretary
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

          In his official and individual capacity

And

Chris Olsen, Nominating & Board Governance Chair
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

      In his official and individual capacity

And

David Paragas, Diversity Chair
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

      In his official and individual capacity

And

Christopher Graham, At Large
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

      In his official and individual capacity

And

Liza Kessler, Development Committee Chair
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

      In her official and individual capacity

And

Anne Jeffrey Wright
Board of Trustees
Columbus School For Girls

65 S. Drexel Avenue
Bexley, Ohio 43209

      In her official and individual capacity

And

Carrie Birch
Board of Trustees
Columbus School For Girls
65 S. Drexel Avenue
Bexley, Ohio 43209

      In her official and individual capacity

      Defendants

## COMPLAINT

## I. INTRODUCTION, PARTIES, JURISDICTION

1.    Now come the Plaintiffs, R.F., a minor, Dean Fadel, both as next friend of R.F., and in his individual capacity, and Jacqueline Fadel, both as next friend of R.F., and in her individual capacity (hereinafter referred to as "Plaintiffs," "Plaintiff R.F", "Plaintiff Dean Fadel", and/or "Plaintiff Jacqueline Fadel") for their Complaint against the above-named Defendants do state the following. Plaintiff R.F. is a minor, not having reached the age of eighteen (18) years of age. Plaintiffs Dean and Jacqueline Fadel are the parents of R.F

2.    Defendant Columbus School for Girls (hereinafter referred to as Defendant CSG) is and has been a private all girls college-preparatory day school at all times pertinent to the Complaint operating as a 501(C)(3) in Franklin County in the State of Ohio

3. Defendant Jennifer Ciccarelli (hereinafter referred to as Defendant Ciccarelli or Ciccarelli) at all times pertinent to this Complaint served as Head of School at Columbus School for Girls.

4. Defendant Pamela Hartshorne (hereinafter referred to as "Defendant Hartshorne" or "Hartshorne") at all times pertinent to this Complaint served as Director of Middle School at CSG.

5. Defendants Glimcher, Young, Falk, Olsen, Paragas, Graham, Kessler, Wright and Birch (hereinafter referred to as "Defendant Board of Trustees") at all times pertinent to the Complaint served in various capacities on the Board of Trustees for the Columbus School for Girls.

6. At all times pertinent to the allegations made herein, Plaintiff R.F. was a full-time student at CSG. R.F. attended CSG starting with pre-school and continuing through the eighth grade, having been accepted initially into the preschool program, the Program for Young Children. For each of those years, Plaintiffs Dean and Jacquie Fadel signed the contract required by CSG; Attached hereto as Exhibit A is a copy of the CSG contract for the academic year 2019-2020

7. This Court has jurisdiction of the case inasmuch as all actions stated herein occurred within the State of Ohio.

8. Venue is proper in this Court pursuant to Ohio Civil Rule 3(B).

## II. FACTS

9. The CSG website promises, "She will know her power. It is not just a statement. This is our promise. Learn why girls do best in an environment created

specifically for them." What has happened to R.F. especially under the supervision of Hartshorne, is that CSG has shown her that she has NO power. CSG has explained with clarity that it has chosen not to create an environment specifically for her, in contradiction of the website's assertion to the contrary.

10.     The CSG website states the following with regard to diversity: "At CSG, we define diversity broadly, considering each member's race, ethnicity, sexual orientation, gender, socio-economic status, physical ability, learning profile, and religious and political beliefs and ideologies as important components of that diversity."

11.     CSG rejected R.F. due to her dyslexia, and due to bullying of R.F. by Hartshorne and by two students.

12.     R.F. had a superior record as a CSG student. Through the years, teachers consistently commented on her excellent attentiveness in class, and her hard work ethic. There was never any negative comment or concern raised by any teacher or administrator in her eleven years at CSG regarding her behavior or social interactions with classmates. She was always secure with her friendships and friend groups.

13.     In Form II, R.F. was identified with dyslexia and ADHD. Nevertheless, she demonstrated determination, grit, and courage in her studies. While she did not receive a lot of A's, she was never in jeopardy of failing any of her courses. She was never on probation. In the spring of 2018, toward the end of R.F.'s sixth grade, at a parent conference, the former director of middle school, Nola Rae Cronin told R.F.'s parents, "Any girl that works as hard as R.F. deserves to be at CSG

14.    The academic year 2018-2019 was not easy for R. F. from an academic standpoint. The curriculum ramped up with the addition of Mandarin Chinese. R.F. was never in jeopardy of failing any course and her parents were never notified by any teacher or administrator of any concerns regarding her performance or her ability to grasp or master the material. They also were given and accepted a contract for the next (2019-2020) school year, her eighth grade. See Exhibit A, attached hereto as stated above.

15.    In April of 2019, CSG announced that Cronin was leaving her position as Director of Middle School and would be replaced by Hartshorne, who had served as the Director of the CSG Upper School at the time of the announcement. Shortly after Hartshorne assumed her new responsibilities, R.F.'s parents were asked to meet with Cronin, Hartshorne, Delaney, and Learning Specialist McCloskey on April 25, 2019. They realized as soon as the meeting commenced that its purpose was to persuade them to move R.F. to a new school sooner rather than later, with the result that the CSG 2019-2020 contract would be set aside. No one at that meeting voiced any concern or issue with R.F.'s academic performance; in fact, R.F.'s grades had been good. See Exhibit B. There was no real demonstration that they had any genuine concern for R.F.'s well-being. No one at that meeting offered any form of special assistance for R.F.'s dyslexia.

16    Despite all of the knowledge and the development of effective teaching methods for people with dyslexia, CSG has caused R.F. to experience humiliation, exclusion, anxiety, and depression. She has come home from school declaring that she is stupid and a failure. R.F.'s parents are angry with the exclusion, humiliation, and anxiety that she experienced at CSG because her learning style is different. Fortunately, her

parents were and are able to afford the cost of tutoring and structured literacy learning from an Orton Gillingham certified teacher.

17.    While acknowledging that eighth grade started well for R.F., Plaintiff Jacqueline Fadel had to request R.F's learning plan three weeks into the school year; it was not clear whether R.F ever would have even received one if her parents had not asked. Further, R.F. was not afforded the now-standard PSAT test accommodations on the practice PSAT given to 8th graders. Consequently, R.F.'s parents researched and visited other schools. R.F. applied to and was accepted at Bishop Hartley for high school; Bishop Hartley is also a "college-preparatory school." Hartshorne had implied that R.F.'s only path forward would be a school for special needs students.

18.    On January 29, 2020, R.F. had a counseling session with psychologist, Dr. Cheryl Colvin, Ph.D. to assist R.F. with self-management related to anxiety and ADHD.

19.    Then, on February 12, 2020, R.F.'s parents received an email from Hartshorne, indicating, "R.F. had a difficult day today." Two former friends of R.F. were belittling her, purposely tormenting her to get her in trouble. Because they had previously been close, these girls knew how to push R.F.'s buttons. The end result was that R.F. had yelled at the two girls in band class to "shut up." In a phone conversation on March 3, 2020, the band director, Kristen Cook, verified that she knew R.F. was defending herself and said she told the girls to back off. Her action conveyed her genuine concern for R.F. Shortly after that, the girls continued to tease and embarrass R.F. For example, when R.F. spilled water at her lunch table, the two girls were nearby and began to ridicule her. R.F. confided in her parents that she was upset with herself for having let

8

the girls get to her. The girls continued to harass R.F.. by starting rumors that she was autistic and was being expelled from CSG.

20. Incredibly, Hartshorne directed R.F.to apologize to the two girls who had bullied her, and completely dismissed their bullying actions. That evening, R.F. sent a joint text message to the two girls with an apology. One girl responded, but the other denied ever receiving it, with the result that two weeks later Hartshorne directed R.F. to apologize again. In the meantime, the two girls had continued to harass and taunt R.F., purposely humiliating her in one of her classes. R.F. told her parents that she was afraid of Hartshorne, but didn't explain why.

21. Following the incident with Hartshorne on February 12, 2020, Dr. Colvin recommended weekly visits with R.F. because, in Dr. Colvin's opinion, it was evident R.F. experienced trauma and suffered from PTSD. It was only through these sessions that R.F. was able to fully discuss exactly what happened between Hartshorne and the two other girls.

22. On February 13, 2020, Plaintiff Jacqueline Fadel advised Hartshorne and two other faculty members in a phone conversation that R.F. had acted in self-defense – presenting the other side of the story that Hartshorne had refused to allow R.F. to articulate. Hartshorne completely ignored this fact and instituted an over-the-top, humiliating, and unnecessary sanction upon R.F. where R.F. was treated like a prisoner, escorted to class by a teacher and placed teachers at her lunch table and in band class to monitor her. The two girls who had bullied R.F. were never further questioned or reprimanded in any way.

23.     Plaintiff Jacqueline Fadel advised Hartshorne not to meet with R.F. any more unless one of her parents could be present.  On the morning of February 15, 2020, Plaintiff reiterated this demand to Hartshorne in an email.  In complete defiance of this demand, that afternoon Hartshorne convened a meeting with R.F. and the two bullies in her office. This meeting, organized against R.F.'s parents expressed wishes, caused more trauma to R.F.  At that meeting, Hartshorne allowed one of the bullies to scream at R.F.

24.     On February 26, 2020, Hartshorne again asked R.F. for evidence of her apology to the two bullies, effectively reasserting her view that the two bullies had no fault in this matter.

25.  Approximately one month later, R.F. was finally able to tell her parents what Hartshorne had done to her when she was alone with Hartshorne in her office on February 12, while Hartshorne was sending her email to them.   R.F. explained that during that meeting R.F. was never given an opportunity to tell her side of what had happened. R.F. described Hartshorne as having "snapped" while typing the email, and said she was terrified for her personal safety.  She said that Hartshorne read the words out loud in a very scary tone as she typed them.  Hartshorne then forced R.F. to read the entire email out loud.  R.F. said she was numb with fear and that she has never been spoken to in such a cruel and hateful manner. It was the middle of the night when R.F. first revealed the full story from the Feb. 12 meeting – and she said it felt like Hartshorne made her read the email more than once but said she was numb from fear and disbelief that Hartshorne had accepted the other girls' lies as truth with no opportunity to defend herself.  R.F. said the numbness from the terror inflicted by Hartshorne lasted a week.

Her parents can attest that she barely ate or slept for at least two weeks after. R.F. said she has re-lived the experience every day since Feb. 12. It may be noteworthy that R.F's academic learning plan says she should only be called upon to read aloud if she volunteers. Most troubling is the fact that Hartshorne represented to R.F.'s mother that she "discussed" the Feb. 12 email with R.F., which is just one of several untruths Hartshorne told R.F.'s parents.

26.     R.F.'s abuse by one of the two girls continued, even though CSG classes are given in a remote learning settling. For example, one of the girls interrupted when R.F .tried to ask a teacher a question during a Zoom science session. The bullying continued in an unrelenting manner even after Hartshorne had previously assured.R.F.'s mother that the parents of the two girls bullying R.F. had been notified. Had the COVID-19 remote learning not been implemented, it is probable that R.F. would not have been able to finish the year attending CSG, given Hartshorne's treatment of R.F. and the environment Hartshorne created for R.F. Due to the trauma, R.F.'s sleep patterns did not return to normal until June 2020.

27.     Upon information and belief, Plaintiffs assert that all defendants in this matter had knowledge of Hartshorne's behavior in previous instances and thus were on notice of the risk to students at CSG. These incidents prompt the obvious question of whether Hartshorne has a mental/psychological imbalance that would expose R.F. to further harm. From the parents' standpoint, CSG has failed to provide a safe environment for R.F.to learn effectively. Hartshorne was extremely unfair, cruel, inappropriate, and caused emotional trauma for R.F. Hartshorne knew that R.F. would

not be returning to CSG for the academic year 2020-2021, and obviously used this series of incidents to be sure that R.F. knew that her power would be zero.

### III.  FIRST CLAIM:  BREACH OF CONTRACT

28.  Plaintiffs reallege paragraphs 1 through 27 as stated hereinabove.

29.  Plaintiffs and Defendant CSG entered into a contract whereby CSG was to provide education to Plaintiff R.F. under Rules and Regulations located on the CSG Website. (Exhibit A, paragraph 8).

30.  Plaintiff fully complied with all obligations contractually required of them, however, Defendant CSG failed to fulfill its requirements as represented and therefore have breached the contract and have caused damage to Plaintiffs as a result of the same.

### IV. SECOND CLAIM: FRAUDULENT INDUCEMENT

31.  Plaintiffs repeat, re-allege, and incorporate by reference the allegations in Paragraphs 1-30 contained herein.

32.  Defendants made actual and implied false representations to Plaintiffs regarding the educational services and learning environment that CSG would provide. Defendant CSG represented that it would provide to Plaintiff a learning environment suitable for her.

33.  Defendants' representations were material to the transaction entered into between Plaintiffs and Defendants

34.  Defendants had knowledge of the falsity of their representation or such recklessness or utter disregard for the truthfulness of their statements that knowledge may be inferred.

35.    Defendants intended to induce reliance on their representations

36.    Plaintiffs justifiably relied on Defendants' representations

37.    Plaintiffs suffered injury proximately caused by their reliance.

## V.    THIRD CLAIM; VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

38.    Plaintiffs repeat, re-allege, and incorporate by reference the allegations in Paragraphs 1-37 contained herein.

39.    Title III of the Americans with Disabilities Act of 1990 applies to all private entities, including private schools. See 42 U.S.C.A. 12181 (7)(J) and 42 U.S.C.A. 12182(a),

40.    Defendants discriminated against Plaintiff R.F. on the basis of her disability, dyslexia, in the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations offered at Columbus School for Girls.

41.    Plaintiffs suffered harm as the result of Defendants' discrimination against Plaintiff R.F.

## VI.    FOURTH CLAIM: NEGLIGENCE AND GROSS NEGLIGENCE

42.    Plaintiffs repeat, re-allege, and incorporate by fence the allegations in Paragraphs 1-41 discussed herein.

43.    Defendants owed and assumed a duty of care to Plaintiff R.F. to provide a safe environment for Plaintiff R.F.

44.    Defendants breached their duty of care to Plaintiff R.F. when they failed to protect Plaintiff R.F. from bullying by other students and by Hartshorne.

45.     As a result of Defendants' breach of their duty of care to Plaintiff R.F., Plaintiffs have suffered damage in the form of physical and emotional harm.

## VII.   FIFTH CLAIM: NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.     Plaintiffs reallege the claim set forth in paragraphs 1 through 45 and incorporate them herein.

47.     Defendants owed Plaintiffs a duty to refrain from negligently or intentionally injuring them and a duty to create a learning environment consistent with its representations, resolutions and with applicable law.  Defendants have breached their duty to Plaintiffs.

48.     The Defendants' actions constitute an outrageous invasion of Plaintiffs' personal rights.

49.     Defendants acted willfully and maliciously, with spite and ill will, and with cavalier disregard to Plaintiffs' personal rights.

50.     The Defendants' negligent and intentional actions caused injuries to Plaintiffs in the form of mental anguish, loss of self-esteem and other emotional distress as well as causing physical injury in the form of adverse health effects.


WHEREFORE, Plaintiffs pray that the Court issue an Order against Defendants as follows:

A.     Declaring that the above-described acts and practices violate state and federal laws referenced;

14

B.     Preliminarily enjoining and permanently restraining these and other such violations;

C.     Directing Defendants to take such affirmative actions as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect R. F.

D.     Directing Defendants to pay damages to R. F. for the injuries she has suffered in the amount of $500,000 or more.

E.     Awarding to Plaintiffs compensatory damages for their mental anguish, pain and suffering, and other non-pecuniary losses in an amount in excess of One Million Dollars ($1,000,000.00);

F.     Awarding to Plaintiffs punitive damages in an amount to be determined at trial;

G.     Awarding to Plaintiffs the cost of this action, together with reasonable attorneys' fees; and

H.     Granting to Plaintiffs such other relief as may be just and equitable.

Respectfully submitted,

FARLOW & ASSOCIATES LLC

Beverly J. Farlow (0029810)
bfarlow@farlowlaw.com
715 Shawan Ralls Dr. Suite 2054
Dublin, Ohio 43017
(614) 734-1270
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury.

Beverly J. Farlow (0029810)

## APPENDIX

Exhibit A:     Signed CSG Contract for the 2019-2020 academic year.

Exhibit B:     R.F. Grade report for 2018-2019 academic year



# Columbus School for Girls

*all girl*

65 South Drexel Avenue, Columbus, OH 43209

**2019-2020
ENROLLMENT CONTRACT**

R.F.

Grade in 2019-2020: Form VIII

Full Tuition: $25,460

Enrollment Deposit: $1,500

This is a legally binding contract. Read it carefully. At the end of this document you will be asked to provide your signature. By doing so, you will be agreeing to the Terms and Conditions of this Enrollment Contract.

We, the undersigned, agree to enroll the above-named child as a student in Columbus School for Girls for the academic year 2019-2020 at the tuition specified above, in accordance with the following terms and conditions:

**1. RESPONSIBILITY FOR TUITION AND FEES.** Parents/guardians are jointly and separately responsible for R.F. school account for the full academic year; this account includes R.F. tuition and fees.

"Fees" include but are not limited to charges to R.F. school account, for books, school store purchases, yearbooks, and field trips.

**2. DEPOSIT.** The Enrollment Contract must be submitted to the School along with Enrollment Deposit by February 08, 2019. CSG must receive the signed Enrollment Contract to enroll a student and reserve her space for the 2019-2020 academic year. CSG reserves the right to accept or reject the signed Enrollment Contract and deposit regardless of the date by which it is received. The deposit is non-refundable and non-transferable, and will be credited towards tuition for 2019-2020 except as set forth below.

- **For Returning Families:** The current account balance for all students for whom you, the undersigned parent/guardian, signed a 2018-2019 Enrollment Contract, must be paid in full in order for any student for whom you sign a 2019-2020 Enrollment Contract to begin classes for the 2019-2020 academic year. CSG reserves the right to credit any monies received, including the deposit described above, against any outstanding balances. If your initial deposit is credited against an outstanding balance, CSG may require re-submission of that deposit prior to allowing your student to attend classes for the 2019-2020 academic year.

**3. PAYMENT OF TUITION.** Tuition must be paid using one of the following Payment Plans. Please select a Payment Plan:

○ **Full Payment Plan:** 100% of tuition, on or before August 1, 2019.
○ **60/40 Payment Plan:** 60% of tuition, on or before August 1, 2019. The remaining 40% of tuition, on or before January 2, 2020.
◉ **10 Month Payment Plan:** 10 equal payments beginning July 2019 ending April 2020.
○ **12 Month Payment Plan:** 12 equal payments beginning May 2019 ending April 2020.

**Payment Method:** All payment methods can be used regardless of the payment plan selected above. Please choose your preferred method of payment below.

☑ **AutoPay:** A quick, easy way to make recurring payments by automatic draft from a bank account or credit card based on the plan you select above. In order to participate in the AutoPay method, all new and returning families must set-up their *AutoPay* account in My Backpack by clicking here. *Pease note: there is a one-time per year administrative fee of $40.00

☐ **Direct to School:** Pay using *Online Payment* through My BackBack or by check/money orde. For security purposes, we can no longer accept cash in our offices.

*Please note: No fee is charged for E-Checks, ACH, Checks or Money Orders. There is a 3% processing fee for all credit card and debit card transactions.

Please contact the CSG Business Office for any questions regarding payment plans or methods of payment.

**4. PAYMENT OF FEES.** Because the Payment Plans referred to above do not account for fees, CSG will provide parents/guardians

EXHIBIT
A-2

portion of fees will be refunded once they have been incurred.

**5. EXCLUSION OF STUDENT FOR UNPAID OR DELINQUENT ACCOUNT.** I agree that the School may exclude R.F. from class on the first day of school in either semester, or at any time if any current tuition, charges, or fees are due and unpaid. In addition, the School may at any time exclude R.F. from any final examination, from graduation, and/or from receiving a diploma or transcript if any tuition, charges, or fees are due and unpaid.

**6. ENFORCEMENT OF CONTRACT.** In the event of default (default being 30 days past due), I agree to pay all costs of collection, including, but not limited to reasonable attorneys' fees, collection agency fees, court costs and interest at a rate of the lesser (a) of one and one half percent (1.5%) per month and (b) the maximum rate permitted by applicable law. Further, as to any account more than 90 days in arrears, the School reserves the right to accelerate the total unpaid balance of tuition and fees due under this Enrollment Contract. After accounts are more than 90 days in arrears, the account can be referred to CSG's collection agent and/or counsel for satisfaction.

**7. WITHDRAWAL OR DISMISSAL.** I agree that if R.F. withdraws or is dismissed after May 1, 2019, the unpaid balance of the tuition charge for the entire year and the unused portion of any specified fees are nonetheless due to the School. Only written notification received on or before May 1, 2019 of R.F. withdrawal releases the parent(s)/guardian(s) from the 2019-2020 tuition responsibility, minus the non-refundable deposit. The parent(s)/guardian(s) must understand that the overhead expenses of CSG do not diminish with the departure of a student before the school year starts or during the course of the school year. The parent(s)/guardian(s) is obligated to pay the tuition and fees for the full school year unconditionally after the May 1, 2019 deadline. Two exceptions may be made to this policy:

A. If the parent(s)/guardian(s) determine that their financial aid grant is insufficient to their needs and they have notified the School, in writing, within two weeks of receipt of confirmation of the financial aid award or prior to the start of school, whichever is first, that R.F. will not be able to attend Columbus School for Girls, the parent(s)/guardians(s) will not be held responsible for the tuition for the entire year, and the deposit will be refunded.

B. If the School determines that it cannot award sufficient financial aid to meet the financial need of the parent(s)/guardian(s), the School may terminate this enrollment contract in writing in its financial aid notification letter and withdraw R.F. from enrollment at CSG for the 2019-2020 academic year. Upon such notification, the School shall refund the deposit to the parent(s)/guardian(s).

**8. RULES and REGULATIONS.** I agree that R.F. and I will abide by, and uphold all policies, rules, and regulations as adopted by the School as set forth currently, and such other policies, rules, and regulations as may be promulgated hereafter by the School. General rules and regulations are located on the CSG Website, and copies are available from the divisional offices. Disobeying the rules and regulations of the School or disruption of the School community may be deemed sufficient cause for disciplinary action, up through and including dismissal, at the School's sole discretion. Conduct by parents that is consistently disrespectful to faculty, staff, coaches, and/or administrators could be cause for non-renewal of Enrollment Contracts for subsequent years or for immediate removal from the School.

**9. PERMISSION FOR STUDENT PARTICIPATION IN ACTIVITIES.** I agree that R.F. may take part in any school sports, school activities, and/or school-sponsored trips or events. I must give advance written notice if I wish to restrict any of the R.F. activities at any time.

**10. PERMISSION FOR TRANSPORTATION.** I agree that the School has permission at any time to allow faculty, staff members, and/or other persons authorized by the School to drive R.F. on school-sponsored trips or events.

**11. STUDENT DRIVER AND PASSENGER DISCLAIMER.** I agree and understand that Columbus School for Girls disclaims any responsibility or liability arising out of circumstances in which students drive automobiles to and from school and school-sponsored events or in which students ride in automobiles driven by other students or by their parents/guardians to and from school and school-sponsored events.

**12. SPECIAL CIRCUMSTANCES.** I agree that if bad weather, a natural disaster, a pandemic, or any other unforeseen event occurs in or during the school year, the School will make every effort to continue instruction in some manner, including internet-based/distance learning. Thus, in order to make up days lost, we may need to cancel winter and/or spring breaks, have classes on weekends, or extend the school year into the summer, if classes are significantly interrupted for any reason during the regular school year. Tuition will be paid as contracted so that faculty will continue to be compensated as contracted.

**13. PHOTOS, FILMS, RECORDINGS, AND STUDENT DIRECTORY.** I permit CSG to use, in whole or in part, photographs, videos, written extractions, and voice recordings of R.F. in both print and electronic publications and advertising materials for CSG and CSG's community partners. Further, I permit CSG to notify local newspapers of R.F. academic, athletic, and other special achievements. I permit CSG to publish our family information (including parent names, home addresses, home and cell phone numbers, and parent email addresses) in CSG's directory in both the online directory accessible through CSG's web site and the hard copy directory provided to every School family and faculty/staff member. The directory information is not to be used for solicitation of other CSG parent(s)/guardian(s).

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

**14. SEVERABILITY.** If any provision of this Enrollment Contract is invalid, illegal, or incapable of being enforced by reason of any rule of law, administrative order, judicial decision or public policy, all other conditions and provisions shall remain in full force and effect.

This Enrollment Contract is binding for a period of one academic year only. I understand that this Enrollment Contract governs enrollment at CSG for the 2019-2020 academic year and supersedes all previous agreements governing her enrollment for the 2019-2020 academic year. The agreement is further conditioned upon ▮R.F.▮ completion of the current academic year in good standing. The undersigned understands and agrees with the above terms and conditions. Unless waived by the School, ALL LEGAL PARENT(S)/GUARDIAN(S) MUST SIGN THIS ENROLLMENT CONTRACT. If you are divorced/separated it is necessary that you submit a copy of your custody and residency agreements/orders with your enrollment contract and deposit.

Each party agrees that the electronic signatures, whether digital or encrypted, of the parties included in this Enrollment Contract are intended to authenticate this writing and to have the same force and effect as manual signatures. Electronic signature means any electronic sound, symbol or process attached to or logically associated with a record and executed and adopted by a party with the intent to sign such record, including facsimile or e-mail electronic signatures. A paper copy of this Enrollment Contract is available for your signature upon request. Your electronic signature below applies only to this Enrollment Contract and not to any future transactions. A signed copy of the Enrollment Contract will be available for your reference and for print on your CSG My BackPack account.

| Dean Fadel | 2019-02-05 |
| Parent/Guardian Signature | Date |
| Jacqueline Fadel | 2019-02-05 |
| Parent/Guardian Signature | Date |

**(In cases of divorce, separation, or where there is no second parent or guardian in the household, type "Not Applicable" instead of a name in the above Parent/Guardian Signature field.)**

By clicking the submit button below, the above-named parent(s)/guardian(s) agree to the terms and conditions of this contract and submit it now to Columbus School for Girls.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

# Columbus School for Girls

56 SOUTH COLUMBIA AVENUE    COLUMBUS, OHIO 43209
www.columbusschoolforgirls.org
(614) 252-0781

**R.F.**

*B*

Form: VII
Advisor: Mrs. Sarah Dahkof Cole
Academic Year: 2018-2019
Marking Period: Semester 2
Date: June 13, 2019

Mr. and Mrs. Dean Fadel
1768 Chateaugay Way
Blacklick, OH 43004

| Course | S1 | Ex 1 | S2 | Ex 2 | Final |
|---|---|---|---|---|---|
| Critical Reading | P | | | | P |
| Humanities 7 | 82 | | 85 | 82 | 84 |
| Mathematics 7 | 79 | | 71 | | 75 |
| Science 7 | 79 | | 74 | 70 | 77 |
| Mandarin | 75 | | 73 | | 74 |
| Band | 95 | | 97 | | 96 |
| Drama 7 | | | 90 | | 90 |
| Art 7 | 88 | | 92 | | 90 |
| Technology 7 | 100 | | | | 100 |
| Physical Education 7 | 98 | | 95 | | 97 |
| Health 7 | | | | | |

| GRADING SCALE | | |
|---|---|---|
| A+ | 98-100 | Superior |
| A | 92-97 | Superior |
| A- | 90-91 | Superior |
| B+ | 88-89 | Above Average |
| B | 82-87 | Above Average |
| B- | 80-81 | Above Average |
| C+ | 78-79 | Average |
| C | 72-77 | Average |
| C- | 70-71 | Average |
| D+ | 68-69 | Below Average |
| D | 62-67 | Below Average |
| D- | 60-61 | Below Average |
| O | | Outstanding |
| V | | Very Good |
| S | | Satisfactory |
| N | | Needs Improvement |
| P | | Passing |
| U | | Unsatisfactory |
| I | | Incomplete |
| EX | | Excused |

| DAILY ATTENDANCE | | | | | |
|---|---|---|---|---|---|
| Quarter | Q1 | Q2 | Q3 | Q4 | Total |
| Absences | 0.00 | 5.00 | 1.00 | 3.00 | 9.00 |
| Unexcused Tardies | 1.00 | 1.00 | 0.00 | 0.00 | 2.00 |

*Nokasze Cronan*
Nola-ree Cronan, Director of Middle School

0F379 - C62

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

### CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends     :

Dean and Jacqueline Fadel, et al,     :

     Plaintiffs,     :     Case No.

v.     :     Judge

Columbus School for Girls, et al,     :

     Defendants     :

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Anne Jeffrey Wright, Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _2-19-21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

_Jeremy R. Kopp (0090577)_____

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C63

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 - C64

# IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

## CIVIL DIVISION

| | | |
|---|---|---|
| R.F. | | |
| Through her Mother and Father as Next Friends | : | |
| Dean and Jacqueline Fadel, et al, | : | |
| Plaintiffs, | : | Case No. |
| v. | : | Judge |
| Columbus School for Girls, et al, | : | |
| Defendants | : | |

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Carrie Birch, Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2-19-21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

____Jeremy R. Kopp (0090577)_____

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C65

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 - C66

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

CIVIL DIVISION

| | | |
|---|---|---|
| R.F. | | |
| Through her Mother and Father as Next Friends | : | |
| Dean and Jacqueline Fadel, et al, | : | |
| Plaintiffs, | : | Case No. |
| v. | : | Judge |
| Columbus School for Girls, et al, | : | |
| Defendants | : | |

## <u>RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS</u>

**To Chris Olsen, Secretary, Nominating & Board Governance Chair Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: ___2 - 19 - 21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

___Jeremy R. Kopp (0090577)_____

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433
0F379 - C68

**IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO**

**CIVIL DIVISION**

R.F.

Through her Mother and Father as Next Friends :

Dean and Jacqueline Fadel, et al, :

      Plaintiffs, : Case No.

v. : Judge

Columbus School for Girls, et al, :

      Defendants :

**<u>RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS</u>**

**To Christopher Graham, At Large, Board of Trustees, Columbus School for Girls:**

 I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

 I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

 I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2·19-21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

 Jeremy R. Kopp (0090577)_____

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C69

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

  jeremy.kopp@ansalaw.com

(Telephone number)

  614-441-4095


## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C70

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends    :

Dean and Jacqueline Fadel, et al,    :

      Plaintiffs,    :    Case No.

v.    :    Judge

Columbus School for Girls, et al,    :

      Defendants    :

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Columbus School for Girls Board of Trustees c/o Michael Glimcher:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2 - 19 - 21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

Jeremy R. Kopp (0090577)

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C71

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

 Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C72

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

### CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends                                         :

Dean and Jacqueline Fadel, et al,                                                               :

     Plaintiffs,                                                                                :          Case No.

v.                                                                                                              :          Judge

Columbus School for Girls, et al,                                                             :

     Defendants                                                                          :

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Columbus School for Girls c/o Jennifer Ciccarelli:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2- 19-21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

Jeremy R. Kopp (0090577)
_____

(Address)

Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

jeremy.kopp@ansalaw.com
_____

(Telephone number)

614-441-4095
_____


## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C74

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

## CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends          :

Dean and Jacqueline Fadel, et al,                                     :

      Plaintiffs,                                                              :          Case No.

v.                                                                                      :          Judge

Columbus School for Girls, et al,                                      :

      Defendants                                                           :

## RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To David Paragas, Diversity Chair, Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2 - 19- 21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

_Jeremy R. Kopp (0090577)_____

0F379 - C75

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

 Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 - C76

**IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO**

**CIVIL DIVISION**

R.F.

Through her Mother and Father as Next Friends          :

Dean and Jacqueline Fadel, et al,          :

      Plaintiffs,          :          Case No.

v.          :          Judge

Columbus School for Girls, et al,          :

      Defendants          :

**RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS**

**To Jennifer Ciccarelli:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: ___2-19-21___

(Signature of the attorney or unrepresented party)

_____

(Printed name)

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433
0F379 - C77

 Jeremy R. Kopp (0090577) _____

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com _____

(Telephone number)

 614-441-4095 _____

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

 Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 - C78

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

### CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends                    :

Dean and Jacqueline Fadel, et al,                    :

     Plaintiffs,                    :          Case No.

v.                    :          Judge

Columbus School for Girls, et al,                    :

     Defendants                    :

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Liza Kessler, Development Committee Chair, Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: ____2-19-21_____

(Signature of the attorney or unrepresented party)

(Printed name)

__Jeremy R. Kopp (0090577)_____

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C79

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

 Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 - C80

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

CIVIL DIVISION

| | | |
|---|---|---|
| R.F. | | |
| Through her Mother and Father as Next Friends | : | |
| Dean and Jacqueline Fadel, et al, | : | |
| Plaintiffs, | : | Case No. |
| v. | : | Judge |
| Columbus School for Girls, et al, | : | |
| Defendants | : | |

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Lisa Young, Treasurer and Finance Chair, Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2 - 19 - 21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

___Jeremy R. Kopp (0090577)_____

(Address)

 Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 - C82

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

### CIVIL DIVISION

| | | |
|---|---|---|
| R.F. | | |
| Through her Mother and Father as Next Friends | : | |
| Dean and Jacqueline Fadel, et al, | : | |
| Plaintiffs, | : | Case No. |
| v. | : | Judge |
| Columbus School for Girls, et al, | : | |
| Defendants | : | |

### RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS

**To Michael Glimcher, Board Chair, Columbus School for Girls Board of Trustees:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2 - 19-21_____

(Signature of the attorney or unrepresented party)

(Printed name)

Jeremy R. Kopp (0090577)

(Address)

Two Miranova Place, Suite 300, Columbus, OH  43215

(E-mail address)

jeremy.kopp@ansalaw.com

(Telephone number)

614-441-4095

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

0F379 – C84

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

### CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends        :

Dean and Jacqueline Fadel, et al,        :

       Plaintiffs,        :      Case No.

v.        :      Judge

Columbus School for Girls, et al,        :

       Defendants        :

### <u>RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS</u>

**To Pamela Hartshorne, Director of Middle School, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: ___2-19-21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

Jeremy R. Kopp  (0090577)_____

0F379 - C85

(Address)

 Two Miranova Place, Suite 300, Columbus, OH  43215

(E-mail address)

 jeremy.kopp@ansalaw.com

(Telephone number)

 614-441-4095

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

 Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C86

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

### CIVIL DIVISION

R.F.

Through her Mother and Father as Next Friends          :

Dean and Jacqueline Fadel, et al,                                   :

      Plaintiffs,                                                            :          Case No.

v.                                                                                   :          Judge

Columbus School for Girls, et al,                                     :

      Defendants                                                          :

                           :

### <u>RULE 4.7 WAIVER OF THE SERVICE OF SUMMONS</u>

**To Steve Falk, Secretary, Board of Trustees, Columbus School for Girls:**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____2-19-21_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

Jeremy R. Kopp (0090577)_____

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Jan 21 3:25 PM-21CV000433

0F379 - C87

(Address)

Two Miranova Place, Suite 300, Columbus, OH 43215

(E-mail address)

jeremy.kopp@ansalaw.com

(Telephone number)

614-441-4095

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]